IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 3:09cv6/EMT

REAL PROPERTY LOCATED AT
600 EAST BRAINERD STREET,
PENSACOLA, FLORIDA,
WITH ALL IMPROVEMENTS
AND APPURTENANCES THEREON
_____/

## REPORT AND RECOMMENDATION

Pending is the motion of the United States of America for a final order of forfeiture (Doc. 26), to which no responses have been filed. Also pending is the motion to contest forfeiture filed by claimant Ella F. Bethea (Doc. 23).[1] For the reasons that follow, the court recommends that the motion of the United States be granted and that the motion of Ella F. Bethea be denied.

As an initial matter, this court addresses the issue of jurisdiction. The district court referred this matter to the undersigned pursuant to 28 U.S.C. § 636 upon the stipulation of the United States of America to magistrate judge jurisdiction (*see* Docs. 13, 14). Following referral, however, Members First Federal Credit Union f/k/a Education Credit Union of NW Florida filed an answer (Doc. 6), and Ella F. Bethea filed her motion to contest forfeiture. As neither party, described by the United States in its motion as claimants,[2] has consented to magistrate judge jurisdiction, in an

---

[1] By order dated October 28, 2009, the court directed that responses to the United States' motion be filed no later than November 17, 2009 (Doc. 27); the order was twice mailed to Ella F. Bethea and twice returned (*see* Docs. 29, 31).

[2] The court takes no position, and makes no findings, as to whether the filings of Members First and Ella F. Bethea are adequate to establish their standing as parties to this action.

abundance of caution this court concludes that its jurisdiction over this matter is lacking. *See* <u>United States v. Real Property</u>, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that the magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though the property owner had not consented, on the ground the property owner failed to comply with applicable filing requirements and was not a party from whom consent was required). The undersigned therefore submits this Report and Recommendation to the district court.

On January 8, 2009, the United States filed a civil complaint (Doc. 1) against the subject real property, described below, seeking forfeiture pursuant to Title 21, United States Code, Section 881:

> That certain house and premises located at 600 East Brainerd Street, Pensacola, Florida, being more particularly described as:
>
> The South 110 feet of West 35 feet of Lot 3, Block 53, East King Tract East of Tarragona Street, City of Pensacola, Escambia County, Florida, according to the map of said county copyrighted by Thomas C. Watson in 1906.
>
> Being that same property as described in that certain warranty deed from Gladys Holly Everette Dawson Oliver, a widow, to Barbara Bethea dated February 27, 1975, as record in Book 789 at page 136, in the public records of Escambia County, Florida.

The facts set out in the affidavit filed by the United States (Doc. 1, attachment) demonstrate sufficient grounds for forfeiture.

The United States caused to be published a Notice of Forfeiture on www.forfeiture.gov of the intent of the United States to seek forfeiture of the property in accordance with Title 21, United States Code, Section 881, and further notifying all third parties of their right to petition the court within sixty (60) days of the first day of publication to adjudicate the validity of their alleged legal interest in the real property.

The United States also served notice of the existence of the instant forfeiture action on the following named entities by certified mail, return receipt requested:

> Judy Battle, as daughter and putative heir of Barbara Bethea;
> Ella Bethea, as daughter and putative heir of Barbara Bethea;
> Jerry L. Bethea, as son and putative heir of Barbara Bethea;
> Michael Motten, as son and putative heir of Barbara Bethea;
> Velmatine Motten, as daughter and putative heir of Barbara Bethea;

>Ceasar Bethea, as son and putative heir of Barbara Bethea;
>Citifinancial Equity Services, Inc.;
>Commercial Credit Consumer Services, Inc.;
>Members First Federal Credit Union f/k/a Education Credit Union of NW Florida.

The effort to provide notice to those who may clam an interest in said property was reasonably designed to provide notice as required by Rule G (4)(b) and fully complied with that rule. The time for filing petitions has now expired, either because sixty (60) days have elapsed since the first publication of notice on January 14, 2009, pursuant to Title 21, United States Code, § 881, or because potential claimants have not filed claims within the time period set forth in Rule G, (4)(b) and (5)(a)(11).

Only two putative claimants have filed[3]: Members First Federal Credit Union f/k/a Education Credit Union of NW Florida ("Members First") and Ella F. Bethea. Members First contends it has an interest in the subject real property by virtue of a final judgment it received against Barbara Bethea, as recorded with the Secretary of State on October 18, 2007. Ella F. Bethea claims an interest in the property as a daughter and putative heir of Barbara Bethea. As noted, neither Members First nor Ella F. Bethea have responded to the United States' motion for a final order of forfeiture. The failure to file a responsive memoranda to a motion may be, and is in this case, sufficient cause to grant the motion, *see* N.D. Fla. Loc. R. 7.1(C)(1), as neither putative claimant has met its respective burden in establishing an interest in the subject property that is superior to the interest of the United States.

It is therefore respectfully **RECOMMENDED:**

1. That the motion of the United States of America for a Final Order of Forfeiture (Doc. 26) be **GRANTED** and that the motion to contest forfeiture filed by claimant Ella F. Bethea (Doc. 23) be **DENIED.**

2. That the right, title and interest to all the hereinafter described real property be hereby
condemned, forfeited, and vested in the United States of America.

---

[3] A third claim was filed by Barbara Bethea (Doc. 7), who died after the claim was submitted. Barbara Bethea's claim has been withdrawn by her putative heirs (other than Ella F. Bethea) (Doc. 28).

Case No. 3:09cv6/EMT

3. That the real property subject to forfeiture is as follows:

That certain house and premises located at 600 East Brainerd Street, Pensacola, Florida, being more particularly described as:

The South 110 feet of West 35 feet of Lot 3, Block 53, East King Tract East of Tarragona Street, City of Pensacola, Escambia County, Florida, according to the map of said county copyrighted by Thomas C. Watson in 1906.

Being that same property as described in that certain warranty deed from Gladys Holly Everette Dawson Oliver, a widow, to Barbara Bethea dated February 27, 1975, as record in Book 789 at page 136, in the public records of Escambia County, Florida.

4. That no person or entity has established that they have any legal right, title or interest in said property.

At Pensacola, Florida this 9th day of December 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**